IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SOLYNDRA, LLC, et al.,[1]<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 11-12799 (MFW)<br>(Jointly Administered) |
| R. TODD NEILSON, SOLELY IN HIS CAPACITY AS TRUSTEE OF THE SOLYNDRA RESIDUAL TRUST,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>D.W. NICHOLSON CORPORATION, a California Corporation,<br><br>　　　　　　　Defendant. | Adv. Proc. No. _____ (MFW) |

**COMPLAINT TO DETERMINE THE NATURE, EXTENT, PRIORITY AND VALIDITY OF DEFENDANT'S MECHANIC'S LIENS; OBJECTION TO DEFENDANT'S BANKRUPTCY PROOFS OF CLAIM NOS. 642, 643 AND 645**

R. Todd Nielson, in his capacity as trustee of the Solyndra Residual Trust (the "Solyndra Residual Trustee" or "Plaintiff"), brings this Complaint to Determine the Nature, Extent, Priority and Validity of Defendant's Claims of Mechanic's Liens and Objection to Defendant's Bankruptcy Proofs of Claim Nos. 642, 643 and 645, and alleges as follows:

---

[1] The Debtors in these proceedings are Solyndra LLC and 360 Degree Solar Holdings, Inc.

DOCS_LA:271705.4 80368/003

## The Parties

1. On September 6, 2011 (the "Petition Date"), Solyndra LLC and 360 Degree Solar Holdings, Inc. (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. On October 22, 2012, the Court entered an *Order Confirming Debtors' Amended Joint Chapter 11 Plan* [Docket No. 1060] (the "Plan"). The Effective Date of the Plan was November 7, 2012. Pursuant to the Plan and that certain *Solyndra Residual Trust Agreement*, certain assets were transferred to the Solyndra Residual Trust and Mr. Nielson, the former court-appointed Chief Restructuring Officer of the Debtors, was named the Solyndra Residual Trustee.

3. Pursuant to the Plan, the Solyndra Residual Trustee retained the right to pursue certain rights of action, including the assertion of objections to claims of lien and asserted secured claims.

4. Defendant, D.W. Nicholson Corporation ("Nicholson" or "Defendant") is a corporation organized under the laws of California, and was at all times material hereto a creditor of Debtor Solyndra LLC ("Solyndra") on account of materials and services provided to that Debtor.

## Jurisdiction and Venue

5. The Court has jurisdiction over this matter under the Bankruptcy Code, the Plan and pursuant to 28 U.S.C. § 157(a) and §1334(a). This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A, (B) and (K).

6. Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

7.       This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

## Background Facts

8.       Prepetition, the Debtors' capital structure consisted of outstanding secured indebtedness in an aggregate principal amount of approximately $783,000,000, which consisted of the following:

(a)       Pursuant to that guaranty of loan from the U.S. Department of Energy (the "DOE"), acting by and through the Secretary of Energy, (the "DOE Loan"), the U.S. Federal Financing Bank provided senior and secured financing to Solyndra in a sum of up to $535,000,000 (the "DOE Loan Obligation") in connection with partial financing of the construction of a facility (the "Fab 2 Facility") on real property located in Fremont, California, commonly known as 47488 Kato Road, Fremont, California (the "Subject Real Property") and operation costs thereof, and secured said financing through various security instruments on substantially all of Solyndra's assets, including the recordation of a deed of trust with the Recorder of the County of Alameda on September 3, 2009, bearing Instrument No. 2009288209 (the "DOE Deed of Trust") as against the Subject Real Property.[2]

---

[2] Pursuant to that certain Payment and Reimbursement Agreement (*Tranches B and D*), dated as of February 23, 2011 (the "Prepetition Tranche B/D Term Loan Agreement"), by and among Solyndra, the U.S. Department of Energy, acting by and through the Secretary of Energy, as loan servicer (the "Prepetition Tranche B/D Agent"), the amount owed by Solyndra under the DOE Loan Obligation remained owed by Solyndra to the Federal Financing Bank, and its guarantor, the U.S. Department of Energy (but now collectively referred to as the "Prepetition Tranche B/D Lenders") which consisted of (i) the Tranche B Total Principal Amount (as defined in the Prepetition Tranche B/D Term Loan Agreement) (the "Tranche B Debt"); and (ii) the Tranche D Total Principal Amount (as defined in the Prepetition Tranche B/D Term Facility Agreement) (the "Tranche D Debt"). As of the Petition Date, the Debtors were indebted and liable to the Prepetition Tranche B/D Lenders under the Prepetition Tranche B/D Term Loan Agreement (i) in the principal amount of $142,808,544 plus interest accrued and accruing, costs and any fees and expenses due and owing thereunder on account of the Tranche B Debt; and (ii) in the principal amount of $385,000,000 plus interest accrued and accruing, costs and any fees and expenses due and owing thereunder on account of the Tranche D Debt (collectively, the "Prepetition Tranche B/D Term Loan Obligations"), remaining secured by the DOE Deed of Trust and other security instruments.

(b) Pursuant to that certain *Term Loan Agreement* (Tranche A), dated as of February 23, 2011 (the "Prepetition Tranche A Term Loan Agreement"), by and among Solyndra, the lenders parties thereto (collectively, the "Prepetition Tranche A Lenders") and Argonaut Ventures I., LLC, as Tranche A Representative, in such capacity (the "Prepetition Tranche A Term Loan Facility Representative"), as of the Petition Date, the Debtors were indebted to the Prepetition Tranche A Lenders and the Prepetition Tranche A Term Loan Facility Representative in the principal amount of $69,302,901, plus interest accrued and accruing, costs, and any fees and expenses (the "Tranche A Debt" or the "Prepetition Tranche A Term Loan Facility Obligations"); and

(c) Pursuant to that certain Tranche E Note Purchase Agreement, dated as of February 23, 2011 (the "Prepetition Tranche E Agreement"), by and among Solyndra and Argonaut Ventures I, LLC, as agent (the "Prepetition Tranche E Agent") and each holder of a Tranche E note (together with the Tranche E Agent, the "Prepetition Tranche E Lenders"), as of the Petition Date, the Debtors were indebted to the Prepetition Tranche E Lenders and the Prepetition Tranche E Agent in the principal amount of $186,644,319, plus interest accrued and accruing, costs and any fees and expenses (the "Prepetition Tranche E Term Loan Facility Obligations").[3]

9. As set forth in the Prepetition Tranche A Term Loan Agreement, the Prepetition Tranche B/D Term Loan Agreement, the Prepetition Tranche E Agreement, and that certain *First Amended and Restated Common Agreement*, dated as of February 23, 2001 (the "Common

---

[3] The Prepetition Tranche A Term Loan Facility Representative, the Prepetition Tranche A Lenders, the Prepetition Tranche B/D Agent, the DOE as the Prepetition Tranche B/D Lenders, the Prepetition Tranche E Agent and the Prepetition Tranche E Lenders are referred to herein as the "Prepetition Secured Parties."

Agreement"), prior to the Petition Date, Solyndra granted security interests in and liens on, among other things, substantially all of the Solyndra's assets (collectively, the "Prepetition Assets"), subject to certain limitations (the "Tranche Prepetition Liens") to U.S. Bank National Association, as master collateral agent, under the Common Agreement. *See* Final DIP Order ¶ F.(vii).

10. The Tranche Prepetition Liens included the DOE Deed of Trust on the Subject Real Property through a first amendment thereto recorded on February 23, 2011, with the Recorder of the County of Alameda as Instrument No. 201164325.

11. Pursuant to the Final DIP Order entered on September 27, 2011, the liens of the Prepetition Secured Parties on the Prepetition Assets were "legal, enforceable, non-avoidable and duly perfected and . . . not subject to avoidance, attack offset, recharacterization or subordination under the Bankruptcy Code . . ." *See* Final DIP Order ¶ F(x).

12. The Debtors confirmed their Plan on October 22, 2012, which went effective on November 7, 2012. Pursuant to the Plan, the Prepetition Liens of each of the Prepetition Secured Parties were deemed allowed in the full amounts reflected in the Final DIP Order. See Plan, § § IV.B 3; IV.B.4; IV.B.5 and IV.B.6.

13. On November 15, 2012, the Court entered its *Order Under 11 U.S.C. §§ 105(a), 363 and 1142 and Fed. R. Bankr. P. 2002, 6004 and 6006: (i) Approving Agreement of Sale and Purchase and Authorizing the Sale of Real Property and Related Property to Seagate Technology LLC or a Higher and Better Bidder; (ii) Authorizing the Sale of Property Free and Clear of All Liens, Claims, Encumbrances and Interests Pursuant to Sections 363(a), (f) and (m) of the Bankruptcy Code, (iii) Authorizing the Assumption and Assignment of Certain Executory*

*Contracts and Unexpired Leases; and (iv) Granting Related Relief* (the "Sale Order") [Docket No. 1243], approving the sale of the Subject Real Property to Seagate Techology LLC for $90,275,500 (the "Sale Proceeds"), free and clear of all liens, claims, encumbrances and interests, which liens, claims, encumbrances and interests attached to the Sale Proceeds.

14. There were and are insufficient Sale Proceeds to satisfy even the first level of indebtedness owed to the Prepetition Secured Parties secured by the DOE Deed of Trust and other security instruments, let alone all other Prepetition Secured Lender Claims (the "Unsatisfied Prepetition Secured Lender Claims").

15. Prior to the Petition Date, Defendant provided labor and materials to Solyndra in relation to the movement, transport, delivery, siting and securing of personal property consisting of manufacturing equipment and appurtenances at the Subject Real Property which were utilized by Solyndra in the manufacturing/fabrication of products for sale, and for which Defendant was not fully paid (the "Defendant Unpaid Services").

16. Defendant recorded claims of mechanic's liens against the Subject Real Property (each a "Defendant's Mechanic's Lien") with the Recorder of the County of Alameda for which recording information includes the following:

| Recording Date | Lien Amount | Instrument No. |
|---|---|---|
| September 6, 2011 | $259,380.66 | 2011253045 |
| September 6, 2011 | $461,231.97 | 2011253046 |
| September 22, 2011 | $78,015.12 | 2011270040 |

17. On or about January 23, 2012, Defendant filed three proofs of claim against Solyndra (each a "Defendant's Bankruptcy Claim"), which include the follow information:

| Claim No. | Claim Amount Secured | Claim Amount Unsecured |
|---|---|---|
| 642 | $461,231.97 | $424.96 |
| 643 | $259,380.66 | $424.96 |
| 645 | $78,015.12 | $424.96 |

18. Each of Defendant's Bankruptcy Claims assert that same are secured by the Defendant's Mechanic's Liens recorded against the Subject Real Property in the alleged secured amounts asserted in the Defendant's Mechanic's Liens. True and correct copies of Defendant's Bankruptcy Claims (which attach copies of Defendant's Mechanic's Liens), are attached hereto as **Exhibit "1"** (Claim No. 642); **Exhibit "2"** (Claim No. 643, and **Exhibit "3"** (Claim No. 645), and incorporated herein by reference.

## FIRST CLAIM FOR RELIEF

**(By Plaintiff Against Defendant To Determine the**

**Nature, Extent, Priority and Validity of Defendant's Mechanic's Liens)**

19. Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 18, hereinabove, as through fully set forth herein.

20. Plaintiff is informed and believes and thereon asserts that Defendant, as the holder of Defendant's Mechanic's Liens, claims an interest in the Sale Proceeds by reason of its claims recorded against the Subject Real Property.

21. Plaintiff is informed and believes and thereon asserts that each of Defendant's Mechanic's Liens and all parts thereof are invalid, null, void and of no force or effect because the nature of the labor, services and materials provided by Defendant to Solyndra in the movement, transport, delivery, siting and securing of the personal property consisting of manufacturing equipment and appurtenances were not provided in connection with, in furtherance of, or incorporated into the work of improvement consisting of the Fab 2 Facility or otherwise to the Subject Real Property, nor did the installation of such personal property at the Subject Real Property transmute such personal property into permanent "fixtures" to the Fab 2 Facility or otherwise to the Subject Real Property entitling Defendant to assert mechanic's lien rights against the Fab 2 Facility or otherwise to the Subject Real Property or the Sale Proceeds generated therefrom.

22. Plaintiff is informed and believes and thereon asserts that Defendant did not validly serve one or more of the Defendant's Mechanic's Liens, rendering same invalid and unenforceable.

23. Alternatively, if any Defendant's Mechanic's Lien or any part thereof is determined to be valid and perfected, such Defendant's Mechanic's Liens and all parts thereof should be determined to be of no value and not enforceable against the Subject Real Property nor the Sale Proceeds because each such Defendant's Mechanic's Lien and all parts thereof are neither senior nor equal in priority to the DOE Deed of Trust, as recorded and amended, and because the Unsatisfied Prepetition Secured Lender Claims exceed the value of the Sale Proceeds and all other collateral held by the Prepetition Secured Parties, there is no available value or "equity" in the Sale Proceeds against which the Defendant's Mechanic's Liens or any

part thereof can attach or from which they can be satisfied because the debt secured by the DOE Deed of Trust, as recorded and amended, has priority by date of recording and the Defendant otherwise lacks superior equities.

24. Plaintiff reserves the right to assert all other grounds not yet known to Plaintiff that each of Defendant's Mechanic's Liens is null, void, unenforceable, of no force or effect or valueless.

## SECOND CLAIM FOR RELIEF

### (Objection to Defendant's Bankruptcy Claims)

25. Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 24, as though fully set forth herein.

26. For the reasons set forth hereinabove, no Defendant's Mechanic's Lien is valid or enforceable and each Defendant's Mechanic's Lien is of no value, not enforceable against the Subject Real Property nor the Sale Proceeds and not a secured claim under 11 U.S.C. section 506(a).

27. By reason thereof, Defendant's Bankruptcy Claims should be (a) disallowed as secured claims and (b) determined to be general unsecured claims entitled to the treatment afforded to "Solyndra General Unsecured Claims" in "Class 8" as defined in and under the Plan, subject to objection by the Solyndra Settlement Trustee following such reclassification.

28. To the extent that any of Defendant's Bankruptcy Claims, or any portion(s) thereof, are determined to be secured claims, said claims shall be reduced by (a) any amounts asserted for attorney's fees and/or costs and (b) any amounts determined in the course of litigation to not be owing to Defendant on any other grounds, according to proof.

**WHEREFORE**, Plaintiff prays for judgment as follows:

**On the First Claim for Relief:**

1. For a judgment that:

    a. Each Defendant's Mechanic's Lien either is (i) invalid or unperfected and, thus, is null, void and of no force or effect or (ii) of no value, and not enforceable against the Subject Real Property nor the Sale Proceeds; and

    b. All Defendant's Mechanic's Liens are expunged and extinguished of record;

2. For costs of suit incurred herein; and

3. For such other and further relief as the Court deems just and proper.

**On the Second Claim for Relief:**

1. For a judgment that the Defendants' Bankruptcy Claims are:

    a. Disallowed as secured claims under Bankruptcy Code section 506(a); and

    b. Determined to be general unsecured claims entitled to the treatment afforded to "Solyndra General Unsecured Claims" in "Class 8" as defined in and under the Plan, subject to objection by the Solyndra Settlement Trustee following such reclassification.

2. To the extent any of Defendant's Bankruptcy Claims, or any portion(s) thereof, are determined to be secured claims, the amounts of same should not include attorney's fees and costs and should be reduced by amounts determined not to be owed to Defendant, according to proof.

2. For costs of suit incurred herein; and

3.    For such other and further relief as the Court deems just and proper.

Dated: October 16, 2013

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*

Richard M. Pachulski (CA Bar No. 90073)
James E. O'Neill (DE Bar No. 4042)
Joshua M. Fried (CA Bar No. 181541)
Steven J. Kahn (CA Bar No. 076933)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705  (Courier No. 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:  rpachulski@pszjlaw.com
       joneill@pszjlaw.com
       jfried@pszjlaw.com
       skahn@pszjlaw.com

Counsel for the Plaintiff/Solyndra Residual Trustee