**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SOLYNDRA, LLC, *et al.*, | ) | Case No. 11-12799 (MFW) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| | ) | |
| R. TODD NEILSON, SOLELY IN HIS CAPACITY AS TRUSTEE OF THE SOLYNDRA RESIDUAL TRUST, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. No. 13-52419 (MFW) |
| | ) | |
| v. | ) | |
| | ) | |
| D.W. NICHOLSON CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT D.W. NICHOLSON CORPORATION'S ANSWER TO COMPLAINT TO DETERMINE THE NATURE, EXTENT, PRIORITY AND VALIDITY OF DEFENDANT'S MECHANIC'S LIENS; OBJECTION TO DEFENDANT'S BANKRUPTCY PROOFS OF CLAIM NOS. 642, 643 AND 645**

Defendant D.W. Nicholson Corporation (the "Defendant"), by and through its undersigned counsel, hereby answers the complaint (the "Complaint") of Plaintiff R. Todd Neilson, solely in his capacity as trustee of the Solyndra Residual Trust (the "Plaintiff"), as follows:

**THE PARTIES**

1. Admitted.

2. Denied. The allegations contained in paragraph 2 of the Complaint seek to characterize the Plan and that certain Solyndra Residual Trust Agreement, which are written documents that speak for themselves and the same are denied.

- 2 -

3. Denied. The allegations contained in paragraph 3 of the Complaint seek to characterize the Plan, which is a written document that speaks for itself and the same are denied.

4. Admitted.

## JURISDICTION AND VENUE

5. Denied. The allegations contained in paragraph 5 of the Complaint consist of conclusions of law to which no response is required.

6. Denied. The allegations contained in paragraph 6 of the Complaint consist of conclusions of law to which no response is required.

7. Denied. The allegations contained in paragraph 7 of the Complaint consist of conclusions of law to which no response is required.

## BACKGROUND FACTS

8. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 8 of the Complaint.

    (a) Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 8(a) and footnote 2 of the Complaint. In addition, the allegations contained in paragraph 8(a) and footnote 2 of the Complaint seek to characterize the DOE Loan, DOE Deed of Trust and the Prepetition Tranche B/D Term Loan Agreement, which are written documents that speak for themselves and the same are denied.

    (b) Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 8(b) of the Complaint. In addition the allegations contained in paragraph 8(b) of the

- 3 -

Complaint seek to characterize the Prepetition Tranche A Term Loan Agreement, which is a written document that speaks for itself and the same are denied.

(c) Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 8(c) and footnote 3 of the Complaint. In addition, the allegations contained in paragraph 8(c) and footnote 3 of the Complaint seek to characterize the Prepetition Tranche E Agreement, which is a written document that speaks for itself and the same are denied.

9. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 9 of the Complaint. In addition, the allegations contained in paragraph 9 of the Complaint seek to characterize the Prepetition Tranche A Term Loan Agreement, the Prepetition Tranche B/D Term Loan Agreement, the Prepetition Tranche E Agreement, the Common Agreement and the Final DIP Order, which are written documents that speak for themselves and the same are denied.

10. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 10 of the Complaint. In addition, the allegations contained in paragraph 10 of the Complaint seek to characterize a first amendment recorded on February 23, 2011 with the Recorder of the County of Alameda as Instrument No. 201164325, which is a written document that speaks for itself and the same are denied.

11. Denied. The allegations contained in paragraph 11 of the Complaint seek to characterize the Final DIP Order, which is a written document that speaks for itself and the same are denied.

12. Denied. The allegations contained in paragraph 12 of the Complaint seek to characterize the Plan, which is a written document that speaks for itself and the same are denied.

13. Denied. The allegations contained in paragraph 13 of the Complaint seek to characterize the Sale Order, which is a written document that speaks for itself and the same are denied.

14. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 14 of the Complaint.

15. Denied as stated. The allegations contained in paragraph 15 of the Complaint seek to characterize the labor, services, equipment and materials provided by Defendant to Solyndra for which Defendant was not fully paid, which are fully described and set forth in Defendant's Proofs of Claim Nos. 642, 643 and 645, which are written documents that speaks for themselves and the same are denied.

16. Denied. The allegations contained in paragraph 16 of the Complaint seek to characterize Defendant's Mechanics Liens, which are written documents that speaks for themselves and the same are denied.

17. Denied. The allegations contained in paragraph 17 of the Complaint seek to characterize Defendant's Proofs of Claim Nos. 642, 643 and 645, which are written documents that speak for themselves and the same are denied.

18. Denied. The allegations contained in paragraph 18 of the Complaint seek to characterize Defendant's Proofs of Claim Nos. 642, 643 and 645, which are written documents that speak for themselves and the same are denied.

## FIRST CLAIM FOR RELIEF

**(By Plaintiff Against Defendant to Determine the**

**Nature, Extent, Priority and Validity of Defendant's Mechanic's Liens)**

19. Defendant incorporates and repeats each and every response contained in the foregoing paragraphs as if fully set forth herein.

20. Admitted.

21. Denied. The allegations in paragraph 21 of the Complaint consist of conclusions of law to which no response is required.

22. Denied. The allegations in paragraph 22 of the Complaint consist of conclusions of law to which no response is required.

23. Denied. The allegations in paragraph 23 of the Complaint consist of conclusions of law to which no response is required.

24. Denied. The allegations in paragraph 24 of the Complaint consist of conclusions of law to which no response is required.

## SECOND CLAIM FOR RELIEF

**(Objection to Defendant's Bankruptcy Claims)**

25. Defendant incorporates and repeats each and every response contained in the foregoing paragraphs as if fully set forth herein.

26. Denied. The allegations in paragraph 26 of the Complaint consist of conclusions of law to which no response is required.

27. Denied. The allegations in paragraph 27 of the Complaint consist of conclusions of law to which no response is required.

28.     Denied.  The allegations in paragraph 28 of the Complaint consist of conclusions of law to which no response is required.

**On the First Claim for Relief:**

1.     Denied.

    a.     Denied.

    b.     Denied.

2.     Denied.

3.     Denied.

**On the Second Claim for Relief:**

1.     Denied.

    a.     Denied.

    b.     Denied.

2.     Denied.

2. [sic]  Denied.

3. [sic]  Denied.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant requests that:  (i) judgment be entered in its favor and against Plaintiff, together with costs and attorneys' fees, (ii) that the Complaint be dismissed with prejudice, and (iii) the Court award Defendant such other and further relief as is just and proper under the circumstances.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Defendant's Mechanics Liens are each valid, perfected and enforceable against the Subject Real Property and the Sale Proceeds.

### Third Affirmative Defense

Defendant's Bankruptcy Claims are secured claims under Bankruptcy Code Section 506(a).

### Fourth Affirmative Defense

Plaintiff's Objection to Defendant's Proofs of Claim Nos. 642, 643 and 645 is time barred.

### Fifth Affirmative Defense

Plaintiff's claims are barred by the doctrines of unclean hands, laches, waiver and estoppel as such doctrines are embodied in state or federal statutes or common law.

### Sixth Affirmative Defense

Defendant reserves the right to amend this Answer to assert such other defenses and/or claims as may be discovered through discovery, or otherwise, in this proceeding.

- 8 -

WHEREFORE, Defendant demands that judgment be entered in favor of Defendant and against Plaintiff and that the Court enter an Order dismissing the Complaint with prejudice and granting such other and further relief that is just and proper under the circumstances.


Dated:  November 22, 2013               Respectfully submitted,

**BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP**

By: /s/ *Jennifer R. Hoover*
    Michael J. Barrie (No. 4684)
    Jennifer R. Hoover (No. 5111)
    Stephen M. Ferguson (No. 5167)
    222 Delaware Avenue, Suite 801
    Wilmington, DE 19801
    Telephone:  302.442.7010
    Facsimile:  302.442.7012
    mbarrie@beneschlaw.com
    jhoover@beneschlaw.com
    sferguson@beneschlaw.com

*Counsel for Defendant*

7888487 v1